UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION
In Admiralty

| | |
|---|---|
| IN THE MATTER OF NORFOLK DREDGING COMPANY, AS OWNER OF TUG MISS JUDY, O.N. 1310179, FOR EXONERATION FROM OR LIMITATION OF LIABILITY,<br><br>Limitation Plaintiff. | Civil Action No.: 2:21-cv-561 |

## COMPLAINT IN ADMIRALTY

Norfolk Dredging Company ("Norfolk Dredging"), as owner and operator of the Towing Vessel MISS JUDY, O.N. 1310179, ("MISS JUDY") in an action for exoneration from or limitation of liability, alleges that:

1. This is a case of admiralty and maritime jurisdiction of the United States of America within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Norfolk Dredging files this claim for exoneration from or limitation of liability in accordance with the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*.

2. This Court has original jurisdiction under 28 U.S.C. § 1333. Venue is proper pursuant to Supplemental Rule F(9) of the Federal Rules of Civil Procedure and Local Rule 3(c).

3. At all material times, Norfolk Dredging was and is a Virginia corporation with a principal place of business in Chesapeake, Virginia.

4. MISS JUDY is a self-propelled towing vessel documented by the United States Coast Guard. It is 55 feet in length, with a beam of 20 feet, and a depth of approximately 8 feet. The gross tonnage of MISS JUDY is 58 GRT.

5. At all material times, MISS JUDY was owned and operated by Norfolk Dredging.

6. On or about evening of May 19, 2021, MISS JUDY was on a voyage navigating down bound (north) upon the Southern Branch of the Elizabeth River without any other vessel or equipment in tow (the "Voyage").

7. At all material times, MISS JUDY exhibited proper lights as required by the navigation rules.

8. At or about 9:04 p.m. on May 19, 2021 during the Voyage, a 19-foot center console recreational vessel collided with MISS JUDY.

9. The collision occurred at a location between the Jordan Bridge and the Belt Line Railroad Bridge, which is located at mile 2.6 on the Atlantic Intracoastal Waterway.

10. The recreational vessel that collided with MISS JUDY is a white, model year 2000 Carolina Skiff 19DLX, Hull Identification Number EKHC3399C000 and Virginia registration VA4559AW ("Carolina Skiff"); it is a 19-foot center console boat of fiberglass construction, powered by a model year 2020, 70 hp Yamaha outboard engine.

11. Upon information and belief, those operating and in charge of the Carolina Skiff had launched it from its trailer earlier that day at the public boat ramp in the vicinity of the Jordan Bridge at Elizabeth River Park in Chesapeake, Virginia, and spent many hours on the water prior to the collision.

12. Prior to the collision, the Carolina Skiff was on plane and traveling at an excessive speed southbound up the Southern Branch of the Elizabeth River without displaying proper lights as required by the navigation rules. After passing through the draw of the Belt Line Railroad Bridge, the Carolina Skiff, without maneuvering in any way to avoid collision, collided with MISS JUDY.

13. There were three persons aboard the Carolina Skiff at the time of the collision: the

minor child ("EJT") who, upon information and belief, was eight years of age; Matthew Tillman, who, upon information and belief is EJT's father; and David Myatt.

14. Upon information and belief, at all material times, the Carolina Skiff was and is owned by Matthew Tillman, a resident of Suffolk, Virginia.

15. At all material times, the Carolina Skiff was operated by and/or under the charge of Matthew Tillman and/or David Myatt.

16. As a result of the collision, David Myatt sustained injuries and was declared deceased at the scene.

17. EJT was severely injured in the collision and later died in the hospital.

18. As a result of the collision, Matthew Tillman was ejected from the Carolina Skiff onto MISS JUDY's forward deck, and, upon information and belief, may claim injuries from the collision.

19. Others aboard MISS JUDY may also allege injuries during said Voyage as a result of the collision.

20. Those operating and in charge of the Carolina Skiff negligently and/or recklessly breached legal obligations and other duties under the inland navigation rules, 33 C.F.R. Part 83, in various respects, including, but not limited to:

    a. Those operating and in charge of the Carolina Skiff failed to maintain a proper look-out by sight and hearing by all available means appropriate in the prevailing circumstances and conditions so as to make a full appraisal of the situation and of the risk of collision.

    b. Those operating and in charge of the Carolina Skiff failed to proceed at a safe speed so as to take proper and effective action to avoid collision and be stopped within a distance appropriate to the prevailing circumstances and conditions. Among other things, the

Carolina Skiff was traveling at an estimated speed in excess of 20 knots upon a commercial waterway at night when it collided with MISS JUDY.

c. Those operating and in charge of the Carolina Skiff failed to use all available means appropriate to the prevailing circumstances and conditions to determine if risk of collision existed.

d. Those operating and in charge of the Carolina Skiff failed to take action to avoid collision made in ample time and with due regard to the observance of good seamanship.

e. Those operating and in charge of the Carolina Skiff failed to ensure that the Carolina Skiff displayed proper lights as required by the rules. Among other things, the Carolina Skiff did not exhibit any masthead light or all-round white light.

f. Those operating and in charge of the Carolina Skiff operated at a speed in excess of the maximum speed permitted in a federal regulated navigation area.

g. Those operating and in charge of the Carolina Skiff operated at a speed in excess of that permitted in a no wake zone immediately prior to the collision.

h. Those operating and in charge of the Carolina Skiff failed to comply with other legal obligations as may be established by the evidence.

21. Immediately following the collision, the captain and crew of MISS JUDY acted promptly and professionally to gain control of the adrift and disabled Carolina Skiff, and rendered assistance to the Carolina Skiff and its occupants while in communication with governmental authorities, including the United States Coast Guard.

22. This action for Exoneration or Limitation of Liability is filed less than six months after any first written notice of claim; therefore, it is timely filed pursuant to the provisions of Supplemental Admiralty Rule F.

23. MISS JUDY is not a cargo carrier and there was no freight pending at the end of the Voyage. MISS JUDY was not owed any hire at the close of the Voyage.

24. MISS JUDY has not been attached or arrested. Norfolk Dredging has not been served with any lawsuit as a result of the Voyage or collision.

25. MISS JUDY is present and can be found within this District.

26. Norfolk Dredging's interest in the Vessel post-casualty does not exceed Two-Million Two Hundred Thousand U.S. Dollars ($2,200,000.00). *See* Appraisal Report of Martin Ottaway, dated September 23, 2021 attached hereto as Exhibit A.

27. Norfolk Dredging herewith deposits with the Court, as security for the benefit of claimants, a stipulation for security in the sum of Two-Million Two Hundred Thousand U.S. Dollars ($2,200,000.00), which amount equals the total value of MISS JUDY and hire due at the time of the incident, plus interest at six percent (6%) per annum from the date of said stipulation.

28. The alleged incident(s) and all losses and damages caused thereby or otherwise incurred during the Voyage were not due to any fault, negligence or lack of due care on the part of Norfolk Dredging, nor were the incident(s), losses or damages occasioned by any unseaworthiness of MISS JUDY. Rather, the incident(s) and all losses and damages caused thereby were due solely to and caused solely by causes for which Norfolk Dredging is not liable.

29. Before and at the beginning of the Voyage of May 19, 2021, and at all times material to any alleged claims, damages, and incident(s), Norfolk Dredging exercised due diligence to make MISS JUDY staunch and seaworthy in all respects, and to properly man, equip, supply, outfit and make safe MISS JUDY for its intended purposes. The injuries allegedly sustained by EJT, David Myatt, and Matthew Tillman, and, potentially, others, were occasioned and incurred without the privity or knowledge of Norfolk Dredging prior to the commencement


and at all times during the conduct of the Voyage. Norfolk Dredging, therefore, claims the benefit of the Limitation of Liability Act and the various acts amendatory and supplemental thereto, and in the same proceeding Norfolk Dredging desires to contest its liability and the liability of MISS JUDY and/or for any loss or damage arising out of the aforesaid Voyage.

30.    Norfolk Dredging contests its liability and the liability of MISS JUDY and/or for any injuries, losses and damages occasioned or incurred during its Voyage commencing and ending on May 19, 2021. Norfolk Dredging has valid defenses thereto on the facts and on the law. Norfolk Dredging hereby claims and reserves the right to contest in this or any other Court any claim of liability against it.

WHEREFORE, Norfolk Dredging Company prays:

1.    That this Court enter an order approving the above-described stipulation for security, in the amount of Two Million Two Hundred Thousand Dollars U.S. Dollars ($2,200,000.00), deposited with the Court by Norfolk Dredging as security for the value of MISS JUDY, and any pending freight;

2.    That this Court issue a notice to all persons asserting claims with respect to which Norfolk Dredging seeks limitation admonishing them to file their respective claims with the Clerk of this Court and to serve on attorneys for Norfolk Dredging a copy thereof on or before a date to be fixed by the Court and answer to this Complaint, unless the claim includes an answer so designated;

3.    That this Court issue an injunction restraining and enjoining the filing or prosecution of any and all suits, actions or proceedings already commenced or to be commenced and the commencement and prosecution thereafter of any and all suits, actions or proceedings of any nature or description in any jurisdiction against Norfolk Dredging as aforesaid or against MISS

JUDY, or against any other property of Norfolk Dredging except in this action, to recover damages for or in respect of any loss, damage, injury, death or destruction done, occasioned or incurred during the operations and Voyage of MISS JUDY on May 19, 2021;

4. That this Court enter a judgment in favor of Norfolk Dredging exonerating it from any loss, damage, injury or liability for any claims in any way arising out of or resulting from the Voyage and any injury or casualty relating thereto;

5. If Norfolk Dredging shall be judged liable and if it be found to have any interest remaining in MISS JUDY and the hire due at the time of the incident, that the liability of Norfolk Dredging be limited to the value of such interest; and

6. That Norfolk Dredging may have such other and further relief that law and justice may require.

NORFOLK DREDGING COMPANY

 /s/ Steven M. Stancliff
Steven M. Stancliff (VSB No. 73853)
Kambria T. Lannetti (VSB No. 94853)
CRENSHAW, WARE & MARTIN, PLC
150 W. Main Street; Suite 1500
Norfolk, VA 23510
Telephone:    (757) 623-3000
Facsimile:    (757) 623-5735
sstancliff@cwm-law.com
klannetti@cwm-law.com
*Counsel for Limitation Plaintiff*
*Norfolk Dredging Company*